UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald Antonio RAGGHIANTI,
Defendant-Appellant.

No. 75–2062.

United States Court of Appeals,
Ninth Circuit.

Dec. 5, 1975.

Rehearing Denied Feb. 2, 1976.

Thomas M. Schneiger (argued), Portland, Or., for defendant-appellant.

G. Frank Noonan, Asst. U. S. Atty. (argued), Portland, Or., for plaintiff-appellee.

## OPINION

Before HUFSTEDLER and CHOY, Circuit Judges, and REAL,* District Judge.

CHOY, Circuit Judge:

Ragghianti appeals from his conviction of bank robbery under 18 U.S.C. § 2113(a). He argues, *inter alia,* that the district court erred in not granting his motion to be tried separately on the two counts on which he was indicted. We reverse and remand for a new trial.

### Background

On October 18 and 22, 1974, banks were robbed in Portland, Oregon. On both occasions the robber was seen getting into a red Fiat sportscar. Shortly after the October 22 robbery, Ragghianti was arrested while driving such a car. He had been seen dropping off a passenger matching the description of the robber at an apartment under surveillance in relation to the October 18 robbery. When arrested, Ragghianti was in possession of a large amount of cash, including marked "bait money" taken in the October 22 heist. He was indicted by the grand jury on two counts charging violations of 18 U.S.C. § 2113(a), one count for each of the robberies.

The district court ordered a joint trial on the two counts under F.R.Crim.P. 8(a) and denied Ragghianti's motion for severance. The court also denied a motion for acquittal made following the Government's presentation. Ragghianti presented no evidence, and the Government's evidence on both counts went to the jury which convicted him on both counts. The court subsequently granted Ragghianti's F.R.Crim.P. 29(c) motion

for acquittal and acquitted him on Count I, finding the evidence insufficient to support that portion of the verdict.

### Failure to Sever

Ragghianti argues that the district court erred in not granting his F.R. Crim.P. 14 motion to sever the two counts.[1] In light of the weakness of the evidence against him, we agree.

The trial judge has great discretion in ruling on Rule 14 motions, and review on appeal is limited to whether ". . . the joint trial [was] so prejudicial . . . as to require the exercise of that discretion in only one way, by ordering a separate trial . . . ." *Parker v. United States,* 404 F.2d 1193, 1194 (9th Cir.), *cert. denied,* 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782 (1969). While "the mere fact that the trial court entered judgment of acquittal on [one] count does not mandate a finding of prejudicial misjoinder of charges," *United States v. Johnson,* 462 F.2d 608, 609 (8th Cir.), *cert. denied,* 409 U.S. 952, 93 S.Ct. 1396, 35 L.Ed.2d 602 (1972), where a charge justifying joinder turns out to lack evidence, the trial judge should be particularly sensitive to the possibility of prejudice. *Schaffer v. United States,* 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960) (dictum).

Professor Wright notes three possible kinds of prejudice which can grow out of joinder of similar offenses not arising out of the same transaction: 1) the jury may consider that the defendant must be bad to have been charged with so many things; 2) inadmissible proof of one offense may be admissible through a joined offense; and 3) the defendant may wish to testify on one count but not another. Wright, Federal Practice and Procedure, Criminal, § 222 (1969). While the lack of evi-

---

* Honorable Manuel L. Real, United States Circuit Judge, Central District of California, sitting by designation.

1. The Government argues that Ragghianti waived his right to object to the joinder by failing to renew his motion for severance dur-

ing the trial. Without delving into the correctness of the Government's assertion of law— *see* Wright, Federal Practice and Procedure, Criminal § 221 (1969)—we note that the motion was renewed. Reporter's Transcript at 295–96.

dence introduced by the Government on Count I reduces the second danger, it also reduces the value of having a joint trial. The first and third dangers remain. This does not establish a per se case of prejudice, and, if the evidence on Count II had been stronger we would be inclined to hold any error harmless. *Cf. United States v. Roselli*, 432 F.2d 879, 901 (9th Cir. 1970), *cert. denied,* 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971). Given the facts here, however, we hold that the appellant was so prejudiced as to be entitled to a new trial.

We do not reach his other allegations of error, all having to do with the conduct of his trial.

Reversed and remanded for a new trial.