972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sonia A. MEDIAVILLA, Defendant-Appellant.
 No. 91-10630.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sonia A. Mediavilla appeals from the affirmance of her conviction following a bench trial before a magistrate for reckless driving in violation of Haw.Rev.Stat. § 291-2, a federal offense pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13. Mediavilla contends that there was insufficient evidence to support her conviction for reckless driving. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (citation omitted); see United States v. Taylor, 716 F.2d 701, 710 (9th Cir.1983). Mere suspicion or speculation is insufficient. United States v. Lewis, 787 F.2d 1318, 1323 (9th Cir.1986), cert. denied, 489 U.S. 1032 (1989). It is the exclusive province of the trier of fact to determine the credibility of witnesses, resolve conflicting evidence and draw reasonable inferences from proven facts. Taylor, 716 F.2d at 711.
 
 
 4
 Mediavilla was convicted and fined $100 under Haw.Rev.Stat. § 291-2, which makes it a crime to operate a vehicle recklessly in disregard of the safety of persons or property. A person acts recklessly when he consciously disregards a substantial and unjustifiable risk. Haw.Rev.Stat. § 702-206. Mediavilla contends that there was insufficient evidence to support her conviction for reckless driving.
 
 
 5
 On September 7, 1990, at approximately 10:00 p.m., Mediavilla was driving her pick-up truck with two passengers across Kuroda Field, a grass and dirt parking lot for overflow traffic at Fort DeRussy military reservation. She testified that the field was slippery from a drizzling rain and rough with dips and potholes, but that she saw no pedestrians. She admitted consuming three and a half beers in the preceding few hours and exceeding the speed limit. Sergeant Joseph Jopek, who conducted the stop of the vehicle, testified that Mediavilla was traveling at 30-35 miles per hour in an area where the posted speed limit is 5 miles per hour, that there were pedestrians and parked cars in the area, and that he observed the truck's rear sliding on the wet grass and its occupants bobbing back and forth. The testimony of a third witness, Mediavilla's friend and passenger, conflicted substantially with that of both of the other witnesses. On these facts, viewed in the light most favorable to the government, the magistrate could have found beyond a reasonable doubt that Mediavilla consciously disregarded a substantial and unjustifiable risk to others in operating her vehicle. See Haw.Rev.Stat. §§ 291-2, 702-206; Adler, 879 F.2d at 495; Taylor, 713 F.2d at 710.[1] This court must not second-guess the magistrate's assessment of the credibility of the witnesses or resolution of conflicting evidence. See Taylor, 713 F.2d at 711. There is sufficient evidence to support the conviction.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mediavilla notes that excessive speed alone is not sufficient to prove reckless driving. See Schwendeman v. Wallenstein, No. 91-35626, slip op. at 8922-23 (9th Cir. July 27, 1992) (instruction that jury may infer reckless driving from excessive speed alone is constitutionally deficient). Nonetheless, even if speeding, sliding on wet grass or bouncing on a pot-holed field, taken alone, do not prove recklessness, the combination of all of these factors on a dark and drizzly night is sufficient to establish reckless driving. See id. at 8919, 8923