985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Joaquin HERNANDEZ, Defendant-Appellant.
 No. 91-30231.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided Feb. 8, 1993.
 
 Appeal from the United States District Court for the District of Alaska; No. CR-90-00058-AJK, Andrew Kleinfeld, District Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 Hernandez appeals the denial of his motion to sever counts VII and XI--which involved drug possession charges--from a twenty-seven count indictment. "The district court has wide discretion in ruling on a severance motion," which will "rarely be disturbed on appeal." United States v. Conners, 825 F.2d 1384, 1391 (9th Cir.1987) (quotation and citation omitted); see also United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir.1987).
 
 
 3
 In discussing Hernandez's severance motion, the district court initially disclosed that it was prepared to sever counts VII and XI from the rest of the indictment. RT 1/23/91 at 29. This is precisely the ruling defendant now argues he should have gotten. Yet, when the court essentially offered this relief, Hernandez demurred, and requested instead that the court sever counts I-VI from VII-XXVII. Id. After a lengthy colloquy, the court concluded that severance along the lines suggested by Hernandez would be a bad idea. Id. at 43. It therefore denied the motion. Id.
 
 
 4
 The district court was aware of, and expressly considered, controlling circuit authority when it ruled. Id. at 34 (citing United States v. Lewis, 787 F.2d 1318 (9th Cir.1986)). As the court stated, "[i]n order to exercise discretion on this matter of severance, I have to balance several considerations." RT 1/23/91 at 43. It then went on to discuss all of the factors that weighed in its decision, such as incoherent proof, inefficiency and the risk of prejudice to the defendant. Id. Given in particular the fact that Hernandez didn't fully present the issue of counts VII and XI to the district court (and implicitly rejected the relief he now requests), we cannot say that the able district judge, who was intimately familiar with the evidence in the case, erred in refusing to grant a severance.
 
 
 5
 Nor did the district court violate Fed.R.Evid. 404(b) by admitting evidence of Hernandez's prior drug conviction. First, no evidence was admitted that Hernandez had actually been convicted of selling drugs. Rather, the government introduced evidence that Hernandez was in jail, and that he had sold drugs in the past, to provide factual context for the counts involving money laundering drug proceeds while in jail. Second, the court cautioned the jury that Hernandez's incarceration wasn't probative of whether he committed the crimes for which he was on trial. RT, Day 8 at 50. Like the severance ruling, these determinations were paradigmatic exercises of discretion, which we do not disturb.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3