993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael WILDS, Defendant-Appellant.
 No. 92-50033.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1993.
Decided May 21, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant challenges his conviction for possession of counterfeit currency, a violation of 18 U.S.C. § 472, on the ground that the district court abused its discretion in denying discovery of evidence that might have impeached a key prosecution witness. We affirm.
 
 
 3
 The denial of a motion for discovery is reviewed for abuse of discretion, and the district court's decision to refuse discovery may be overturned only when the defendant shows prejudice to substantial rights. United States v. Michaels, 796 F.2d 1112, 1115 (9th Cir.), cert. denied, 479 U.S. 1038 (1987).
 
 
 4
 Appellant has shown no such prejudice here. Agent Sandoval, the law enforcement officer who questioned Wilds immediately after his arrest, disclosed in a timely manner several incriminating statements Wilds had made to him. These statements included a hypothetical, "What if I know who gave me this counterfeit money?" and "But I really don't want to tell you what his name is, because he's a personal friend." But apparently affirmative declarations were also disclosed: that Wilds was told by the person from whom he received the counterfeit bills that they had been printed in San Francisco, that he knew where an additional $2,000 in counterfeit bills could be located, and that he would be willing to telephone his friend's father to arrange to pick it up from him. [SER at 3, 47]
 
 
 5
 When, on the eve of trial, Agent Sandoval disclosed the additional incriminating statement, he strengthened the prosecution's case but not in a crucial way. The late-disclosed statement--that Wilds' friend had given him the counterfeit bills and he was using them as a test in order "to see how it goes"--was of a piece with Agent Sandoval's earlier disclosures. Even if Wilds had discovered that Agent Sandoval had a practice of embellishing his original disclosures with additional details on the eve of trial, Agent Sandoval's account of Wilds' confession would not have been substantially impeached. For Sandoval had already disclosed statements that indicated Wilds had passed the bills at the card club knowing they were counterfeit, and that he had received them from a friendly, or at least cooperative, source.
 
 
 6
 Appellant raises, as additional grounds for challenging his sentence, that the prosecutor (1) elicited testimony about Wilds' failure to produce a post-arrest written statement and (2) commented on the defense's failure to produce witnesses corroborating its version of events. The challenge has no merit. In the first instance, the prosecutor's question regarding Wilds' failure to produce a post-arrest written statement was not a comment on the defendant's silence, see United States v. Lewis, 787 F.2d 1318, 1325 (9th Cir.), modified, 798 F.2d 1250 (1986), cert. denied, 489 U.S. 1032 (1989), but an explanation for Officer Sandoval's failure to produce written confirmation for Wilds' oral statements. In any case, the question was not objected to at trial, and thus will not be reviewed on appeal. See United States v. Greger, 716 F.2d 1275, 1277 (9th Cir.), cert. denied, 465 U.S. 1007 (1984). In the second instance, the prosecutor's comment was not improper because it targeted the defense's failure to substantiate its theory of the case, not the failure of the defendant personally to provide such explanation. It is settled law that a "prosecutor may properly comment upon a defendant's failure to present witnesses so long as it is not phrased as to call attention to defendant's own failure to testify." United States v. Fleishman, 684 F.2d 1329, 1343 (9th Cir.), cert. denied, 459 U.S. 1044 (1982). Such was the case here.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3