996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Kevin RILEY, Petitioner-Appellant,
v.
Samuel LEWIS, Director, ADOC, Respondent-Appellee.
 No. 92-16137.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided June 25, 1993.
 
 1
 Before: BROWNING, and CANBY, Circuit Judges, and KELLEHER,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 The parties are familiar with the facts and issues and we will not restate them here.
 
 
 4
 * We reject Riley's contention that we should presume he was prejudiced by his attorney's failure to object when the jury was exposed to inadmissible evidence of a prior conviction. This is not a case in which the defendant was denied the presence of counsel at a critical stage of the proceedings nor one in which, "based on the actual conduct of the trial, [ ] there was a breakdown in the adversarial process that would justify a presumption that [defendant's] conviction was insufficiently reliable to satisfy the Constitution." United States v. Cronic, 466 U.S. 648, 662 (1984). See also United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). The error here--a simple failure to object to inadmissible evidence--is classic "trial error[,] ... which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine" whether the admission of the prior conviction prejudiced the defense. Arizona v. Fulminante, 111 S.Ct. 1246, 1264 (1991). See also Swanson, 943 F.2d at 1073 (showing of prejudice required where claim of ineffectiveness is premised on an attorney's specific acts or omissions in the presentation of the case).
 
 
 5
 We find no support for Riley's position in the three cases cited in his brief. See Dickson v. Sullivan, 849 F.2d 403 (9th Cir.1988); United States v. Lewis, 787 F.2d 1318 (9th Cir.1986); United States v. Vasquez, 597 F.2d 192 (9th Cir.1979). None of these cases involved claims of ineffective assistance of counsel, and, more significantly, in none did we presume the defendant was prejudiced by prior conviction evidence improperly before the jury.
 
 II
 
 6
 Riley has not met his burden of demonstrating actual prejudice. The jury's verdict of acquittal on two of the counts indicates the jury carefully weighed the evidence on each count. See Featherstone v. Estelle, 948 F.2d 1497, 1503-04 (9th Cir.1991), (partial acquittal indicated defendant was not unfairly prejudiced by joinder of charges). The overwhelming evidence of Riley's guilt on the remaining charges makes it unlikely the verdict would have been different had the jury not heard of the prior conviction. With respect to counts three and four, the jury had before it a photograph of the hold-up man taken in the course of the robbery. With respect to counts four and five, Riley's fingerprints were found on food containers the robber had handled.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert J. Kelleher, Senior Judge, United States District Court for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3