PREGERSON, Circuit Judge,
dissenting:
We are required to “consider[] the evidence in a light most favorable to the prosecution and defer[ ] to the trier of fact’s presumed resolution of conflicting inferences most favorably to the prosecution.” Payne v. Borg, 982 F.2d 385, 339 (9th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Viewed in this light, the evidence in this case could allow a rational trier of fact to find that Mitchell aided and abetted in the murder of Knox.
THE SHOOTING
The first juncture at which Mitchell could have aided and abetted Knox’s murder was when the shooters on Mitchell’s landing fired at Knox.
In a special verdict, the jury found that Mitchell himself did not fire at Knox. Moreover, mere participation in a gang that is involved in a homicide is an insufficient basis from which to infer a particular gang member’s intent to commit the homicide. But here, the record contains other evidence to support a conclusion that Mitchell intentionally aided and abetted the shooting of Knox by permitting heavily-armed fellow gang members to gather just outside Mitchell’s apartment before the midnight shooting.
First, the record contains facts that could support an inference that killing Knox was a personal priority for Mitchell. Mitchell had a motive to Mil Knox because Knox had broken into Mitchell’s apartment earlier that evening. Some evidence also indicated that Mitchell and Knox had gotten into a fistfight during Knox’s break-in and that Mitchell had wounded Knox in a drive-by shooting soon after the fight.
Second, the record indicates that Mitchell’s apartment served as headquarters for the day’s activities leading up to Knox’s murder. In particular, the record indicates that Mitchell’s gang gathered at Ms apartment and was heavily-armed when Knox arrived later that rnght.
Given these facts, a reasonable jury could have concluded that Mitchell intended to aid and abet Ms fellow gang members in killing Knox if the opportumty presented itself. This circumstantial evidence and the logical inferences drawn from it are sufficient to sustain Mitchell’s conviction. See Payne, 982 F.2d at 341 (denying habeas relief to petitioner convicted of intentionally aiding first-degree murder because “[cjircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction”) (quotmg United States v. Lewis, 787 F.2d 1318, 1323 (9th Cir.1986)).
THE ASSAULT WITH THE CAR
The second juncture at wMch the jury could have found that Mitchell aided and abetted Knox’s murder was when Mitchell joined his fellow gang members in a ear wMch, according to some testimony, was the car that drove over Knox’s injured body and crushed Ms chest.
In its special verdict, the jury found that Mitchell was not the driver of that car. The special verdict did not determine, however, that Mitchell played no role in this assault. As noted above, there is evidence that could support the inference that Mitchell wanted to kill Knox. There is also some evidence that Mitchell was in the ear that ran over Knox. A rational jury could infer from this evidence of Mitchell’s presence in the car and Ms animus toward Knox that Mitchell encouraged the driver of the car to make a sudden U-turn and run over Knox. Thus, the evidence in the record could support a conclusion that Mitchell intentionally aided and abetted Knox’s murder by encouraging the assault with the car. See Payne, 982 F.2d at 341 (upholding a conviction where “[a] rational trier of fact could prefer the incriminating explanation for [petitioner’s] conduct over explanations which would be inconsistent with an intent to aid in the killing”).
JURY INSTRUCTIONS
Mitchell also argues that he was demed due process because the trial court failed to instruct the jury as to intent, an essential element of the offense of aiding and abetting second-degree murder. Because Mitchell did not object to the jury instructions at the time of trial, the instructions are reviewed for plain error. United States v. English, 92 F.3d 909, 914 (9th Cir.1996).
*-240 Contrary to Mitchell’s contention, the record shows that the trial court properly instructed the jury on the element of intent. The trial court issued standard jury instructions taken from California Jury Instructions (Criminal) (“CALJIC”) 3.01. CALJIC 3.01, as submitted to the jury, explicitly sets forth intent as an element of aiding and abetting second-degree murder:
A person aids and abets the commission of a crime when he or she, (1) with knowledge of the unlawful purpose of the perpetrator and (2) with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime.
CALJIC 3.01 (emphasis added).
The jury later requested further instruction on the meaning of “to aid and abet.” The jury asked: “Specifically, is the defendant aiding and abetting in the commission of a crime (murder) or the natural consequence (murder) if he allows and/or facilitates and/or promotes the introduction of deadly firearms into his home?”
The trial court responded with a supplemental instruction which clearly reiterated the element of intent:
[I]f you found that the defendant allowed or let the firearm or firearms into his apartment with the intent to use them in the crime of murder, first- or second-degree murder, then the answer is yes. But if you found that the' defendant let or allowed the firearms into his apartment without such intent or mental state, then the answer is no.
Because the trial court clearly indicated intent as an element of the offense in both the original and supplemental jury instructions, there was no plain error.
CONCLUSION
The standard of review in this case does not permit us to grant habeas relief solely because we are unsure whether the petitioner intentionally aided and abetted in the killing. “We are required to deny the writ, even if we ourselves might not be persuaded beyond a reasonable doubt, if any rational trier of fact could have been so persuaded.... ” Payne, 982 F.2d at 339. I think the circumstantial evidence in this case is sufficient to permit a rational jury to find that Mitchell intentionally aided and abetted in Knox’s killing. Accordingly, I would affirm.