UNITED STATES of America, Plaintiff–Appellee,

v.

Hector RIVERA–GALVAN, Defendant–Appellant.

No. 03–50018.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Nov. 3, 2003.

---

Joseph S. Smith, Jr., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vince J. Brunkow, Michele A. McKenzie, FPD, FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Hector Rivera–Galvan appeals his conviction and sentence for importation of methamphetamine and cocaine, and for possession with intent to distribute cocaine. *See* 21 U.S.C. §§ 841(a)(1), 952, 960. We affirm in part, reverse in part, and remand.

 (1) Rivera first asserts that his conviction on count 1 should be overturned because that count charged both importation of methamphetamine and importation of cocaine, which made it duplicitous. We agree. Those are separate offenses. *See United States v. Vargas–Castillo,* 329 F.3d 715, 722 (9th Cir.2003). Thus, they could not be charged in a single count. *See United States v. Ramirez–Martinez,* 273 F.3d 903, 913 (9th Cir.2001).

The count and conviction could have been saved if the government had elected one of the offenses, or if the court had required the jury to agree on each distinct charge. *See Ramirez–Martinez,* 273 F.3d at 915. Neither one happened here. In fact, the court, essentially, instructed that count 1 was a single crime, and, although separate verdict forms were supplied, the court never told the jury that it must unanimously decide which of the distinct charges Rivera actually committed. Thus, we must reverse as to count 1.[1] *See id.*

(2) Rivera also claims that his conviction on both counts should be overturned because the government committed misconduct when it disputed his argument that if there was an innocent explanation, it must be accepted. We disagree. His argument was an incomplete statement of the law, and was misleading. It left out the requirement that the jury accept the evidence and find that it did reasonably permit a conclusion of innocence. *See United States v. Grayson,* 597 F.2d 1225, 1230 (9th Cir.1979); *United States v. James,* 576 F.2d 223, 227 n. 3 (9th Cir. 1978). There was no misconduct.

(3) Rivera next claims that the whole indictment should fall because the Grand Jury was misinstructed. But we have pre-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. That being so, we need not consider whether trial of the two charges should have been severed entirely as far as count 1 is concerned. We are aware of the claim that the methamphetamine charge in count 1 should have been severed from count 2. However, on the record of this case, including the instructions, we cannot say that the joinder was so manifestly prejudicial, unfair and injurious that the district court abused its discretion when it refused the severance. *See United States v. Rousseau,* 257 F.3d 925, 932 (9th Cir.2001); *United States v. Lewis,* 787 F.2d 1318, 1320–21 (9th Cir.1986).

viously declared that the selfsame instructions were not unconstitutional. *See United States v. Marcucci,* 299 F.3d 1156, 1159, 1164 (9th Cir.2002); *see also United States v. Cedano–Arellano,* 332 F.3d 568, 573 (9th Cir.2003). This panel is in no position to reconsider that decision. *See Hart v. Massanari,* 266 F.3d 1155, 1171 (9th Cir. 2001); *Bell v. Hill,* 190 F.3d 1089, 1092–93 (9th Cir.1999).

(4) Finally, Rivera claims that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the drug statutes are unconstitutional on their face. We have already determined otherwise. *See United States v. Hernandez,* 322 F.3d 592, 602 (9th Cir.2003).

AFFIRMED as to count 2, REVERSED as to count 1 and REMANDED.

---

* The panel unanimously finds this case to be suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.