REED, District Judge,
concurring.
I agree that Petitioner has failed to prove that the challenged actions of his counsel and the trial court caused prejudice as required under clearly established Federal law. However, I write separately to address Petitioner’s claim that his counsel was ineffective in not opposing the joinder of his burglary and escape counts.
In order to prove his counsel was constitutionally ineffective, Petitioner must demonstrate (1) that his counsel’s performance failed to meet an “ ‘objective standard of reasonableness,’ ‘under prevailing professional norms,’ ” Rompilla v. Beard, 545 U.S. 374, -, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005) (citations omitted); and (2) “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
First, we have “acknowledged that there is ‘a high risk of undue prejudice ... whenever joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible.’ ” Bean v. Calderon, 163 F.3d 1073, 1084 (9th Cir.1998) (quoting United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir.1986)). Thus, an attorney would be unreasonable to not oppose joinder in a case, such as this, where evidence from events separate in time and space would not otherwise be cross-admissible, and the risk of prejudice to his client is substantial.
Second, counsel would have likely succeeded in opposing joinder of the Knoll burglary with the escape count, as Petitioner had not yet been charged with the Knoll burglary at the time of the escape. While the provision of California law allowing for joinder of “two or more different offenses of the same class of crimes or offenses” appears to provide a basis for the joinder of the two burglaries, Cal.Pe *166 nal Code § 954, and the provision allowing for joinder of “two or more different offenses connected together in their commission” could arguably allow for joinder of the Blawat burglary and the escape which occurred shortly after a proceeding related to that burglary, id.; see also People v. Valdez, 32 Cal.4th 73, 8 Cal.Rptr.3d 271, 82 P.3d 296, 331 (2004); there was no legal basis to find the Knoll burglary and the escape connected together in their commission, and thus it was unreasonable for counsel to fail to object to the joinder of those counts.
Although counsel’s performance was objectively unreasonable, I agree that the evidence presented against Tolbert was so substantial that our confidence in the outcome is not sufficiently undermined to warrant reversal. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052. I, therefore, concur in the judgment.