**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30390 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:15-cr-00083-RAJ-1 |
| ANDREW LEE HARRIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 7, 2017
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and ENGLAND,[**] District
Judge.

Defendant Andrew Lee Harris ("Defendant") appeals from the district

court's trial-related decisions: (1) denying severance of Count 4 (of a nine-count

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

superseding indictment) pursuant to Federal Rule of Criminal Procedure 14(a);[1] (2) denying severance or bifurcation of Count 7 pursuant to Rules 8(a) and 14(a); and (3) both permitting the Government's witness, Detective Greg Tomlinson, to testify as an expert, and precluding Defendant from cross-examining that witness regarding a particular drug sweep. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not abuse its discretion when it declined to sever Count 4. It permissibly determined that Defendant failed to show "that he ha[d] important testimony to give on some counts and a strong need to refrain from testifying on those he want[ed] severed." United States v. Nolan, 700 F.2d 479, 483 (9th Cir. 1983). Defendant's proffered testimony as to Count 4 amounted to a general denial of guilt, and his reasons for wanting to refrain from testifying on the other charges were equally applicable to Count 4. The district court thus acted within its discretion in determining that no severance was justified.

2.      Count 7, which charged Defendant with being a felon in possession of a firearm, was properly joined under Federal Rule of Criminal Procedure Rule 8(a) in the superseding indictment because Counts 6 and 7, which charged the same crime, were of the same or similar character. See United States v. Rousseau, 257

---

[1] Unless otherwise indicated, all further references to "Rule" or "Rules" are to the Federal Rules of Criminal Procedure.

F.3d 925, 932 (9th Cir. 2001). Because joinder was proper on the face of the indictment, United States v. Jawara, 474 F.3d 565, 572–73 (9th Cir. 2006), there was no reason to revisit the Rule 8(a) inquiry when the trial as to Count 6 was bifurcated.

Nor did the district court abuse its discretion when it denied Defendant's motion to bifurcate Count 7 under Rule 14(a).[2] To the contrary, the district court permissibly declined to bifurcate Count 7 because, had the court granted Defendant's request, the only evidence that would have been kept from the jury was a generic stipulation that Defendant had previously been convicted of a crime punishable by a sentence in excess of one year. Given the strength of the Government's case, Defendant failed to show that, under these circumstances, a joint trial including Count 7 was manifestly prejudicial. See United States v. Lopez, 477 F.3d 1110, 1116 (9th Cir. 2007). Requiring bifurcation where, as here, the Government's case was strong and the court took reasonable measures to prevent the jury from hearing the details of Defendant's prior convictions, would essentially impose a per se rule against trying felon in possession counts with other charges.

---

[2] Defendant does not pursue here the claim raised below that Count 7 should have been severed under Rule 14(a). That contention would nonetheless fail for the same reasons as does his bifurcation argument.

The fact that the district court chose to bifurcate the trial as to the other felon in possession charge—Count 6—does not change the conclusion that refusing to bifurcate Count 7 was within the court's discretion. As with Count 7, the district court could have permissibly refused to bifurcate Count 6 because permitting the parties to proceed by stipulation would have protected Defendant from manifest injustice as to that charge as well. Since the bifurcation of Count 6 was itself unnecessary, the court's decision on that charge cannot compel the additional unnecessary bifurcation of Count 7. In sum, although it is difficult to reconcile the court's decision to bifurcate one felon in possession charge but not the other, and although it is unclear from the record why the district court ruled inconsistently as to those charges, we nonetheless hold that declining to bifurcate Count 7 was not an abuse of discretion.

3.      The district court properly undertook its gatekeeping function under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), in determining that Detective Tomlinson was qualified to testify as an expert even without a Daubert hearing or expressly applying the Daubert factors. See United States v. Hankey, 203 F.3d 1160, 1169 (9th Cir. 2000). When the record is considered in its entirety, it is clear that the court knew a reliability finding was

4

necessary and that, based on Detective Tomlinson's background and experience, the court found his qualifications sufficient.

In addition, the district court permissibly limited Defendant's cross-examination of Detective Tomlinson by sustaining the Government's relevance objection to Defendant's attempt to inquire into an unrelated drug sweep. That evidence was irrelevant, its introduction would have necessitated a disproportionate consumption of time and resources, and even without it Defendant still had sufficient opportunity to challenge the witness's credibility and reliability. United States v. Larson, 495 F.3d 1094, 1103 (9th Cir. 2007). We did not consider the press release submitted by the Government in connection with these arguments, which was not part of the record below, and Defendant's Motion to Strike that appendix is thus DENIED as moot.

**AFFIRMED.**

*United States v. Harris*, 15-30390

PAEZ, Circuit Judge, dissenting in part:

I agree with much of what the majority holds, except that I would hold that the district court abused its discretion under Rule 14(a) of the Federal Rules of Criminal Procedure when it failed to bifurcate Count 7. I would further hold that the district court's error resulted in manifest prejudice with regard to Harris's convictions on Counts 3, 4, and 5, for which there was not overwhelming evidence.

The district court found that prejudice would result if Count 6 were tried in conjunction with the other charged offenses, and further concluded that a generic stipulation regarding Harris's felony status would not prevent prejudice. Count 7 posed the same prejudice, yet the district court failed to bifurcate that count. In my view, there is no logical basis for the district court's failure to bifurcate Count 7.

Where prejudice will result, the district court must provide relief to the extent that "justice requires." Fed. R. Crim. P. 14(a). Here, it failed to do so. As a result, the jury heard not only the generic stipulation (the first piece of evidence offered by the government), but also the government's opening and closing arguments, which emphasized Harris's status as a convicted felon. Under these circumstances, I conclude that the failure to bifurcate Count 7 manifestly

prejudiced Harris.[1]  *See United States v. Lewis*, 787 F.2d 1318, 1321–23 (9th Cir. 1986).  I would therefore reverse Harris's convictions on Counts 3, 4, and 5, and remand them for a new trial.  I would affirm in all other respects.

---

[1] Contrary to the majority's suggestion, the conclusion I would reach would not create a per se rule against trying felon in possession counts with other charges. To proceed on all such counts at the same trial, the district court must only determine that the defendant will not be prejudiced.