PAEZ, Circuit Judge,
dissenting in part:
I agree with much of what the majority holds, except that I would hold that the district court abused its discretion under Rule 14(a) of the Federal Rules of Criminal Procedure when'it failed to bifurcate Count 7. I would further hold that the district court’s error resulted in manifest prejudice with regard to Harris’s convictions on Counts 3, 4, and 5, for which there was not overwhelming evidence.
The district court found that prejudice would result if Count 6 were tried in conjunction with the other charged offenses, and further concluded that a generic stipulation regarding Harris’s felony status would not prevent prejudice. Count 7 posed the same prejudice, yet the district court failed to bifurcate that count. In my view, there is no logical basis for the district court’s failure to bifurcate Count 7.
Where prejudice will result, the district court must provide relief to the extent that “justice requires.” Fed. R. Crim. P. 14(a). Here, it failed to do so. As a result, the jury heard not only the generic stipulation (the first piece of evidence offered by the government), but also the government’s opening and closing arguments, which emphasized Harris’s status as a convicted felon. Under these circumstances, I conclude that the failure to bifurcate Count 7 manifestly prejudiced Harris.[1] See United States v. Lewis, 787 F.2d 1318, 1321-23 (9th Cir. 1986). I would therefore reverse Harris’s convictions on Counts 3, 4, and 5, and remand them for a new trial. I would affirm in all other respects.

. Contrary to the majority's suggestion, the conclusion I would reach would not create a per se rule against trying felon in possession counts with other charges. To proceed on all such counts at the same trial, the district court must only determine that the defendant will not be prejudiced.