**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10198 |
| Plaintiff-Appellee, | D.C. No.<br>3:18-cr-08230-SPL-1 |
| v. | |
| SILAS DESWOOD YAZZIE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 13, 2020[**]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Defendant Silas Yazzie timely appeals his jury conviction for assault with a

dangerous weapon, in violation of 18 U.S.C. §§ 1153, 113(a)(3), and misdemeanor

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

simple assault, in violation of 18 U.S.C. §§ 1153, 113(a)(5). We affirm.

1. The district court permissibly allowed joinder of the three counts under Federal Rule of Criminal Procedure 8(a) because the offenses were of the "same or similar character." See United States v. Jawara, 474 F.3d 565, 572 (9th Cir. 2007) (stating standard of review). The indictment alleged that two counts were identical statutory offenses, that the deadly weapon used on both occasions was a knife, and that the offenses took place only two weeks apart. Even if joinder was improper, Defendant cannot show "actual prejudice." United States v. Terry, 911 F.2d 272, 277 (9th Cir. 1990) (internal quotation marks omitted). The district court properly instructed the jury to consider the charges separately, and the jury acquitted Defendant of one count, demonstrating that it was able to keep each offense compartmentalized. See Jawara, 474 F.3d at 580 (noting that a court's jury instruction to deliberate on the elements of each charge separately "militates against a finding of prejudice" (internal quotation marks and citations omitted)).

The district court did not abuse its discretion by also denying the motion to sever under Federal Rule of Criminal Procedure 14(a). See United States v. Lewis, 787 F.2d 1318, 1320 (9th Cir. 1986) (stating standard of review), amended on denial of reh'g, 798 F.2d 1250 (9th Cir. 1986) . Because Defendant cannot show that joinder prejudiced him under Rule 8(a)'s less demanding "actual prejudice"

standard, he cannot show "manifest prejudice" under Rule 14(a). Jawara, 474 F.3d at 579, 581.

2. The district court did not err in denying Defendant's motion to suppress. See United States v. Price, 921 F.3d 777, 790 (9th Cir. 2019) (stating standard of review). Defendant's interactions with officers at the gas station did not constitute a Fourth Amendment "seizure." Officer Mann approached Defendant calmly, identified himself, asked some general questions at first, and then asked about the reported assault. See Florida v. Bostick, 501 U.S. 429, 434 (1991) ("[M]ere police questioning does not constitute a seizure."). Defendant was not physically restrained during the conversation, and he produced the knife voluntarily, without prompting from the officers. Mann stayed several feet away from Defendant during their conversation. Although another officer was present, he was behind Mann on the radio. Under those circumstances, a reasonable person would have felt free "to disregard the police and go about his business." Id. (quoting California v. Hodari D., 499 U.S. 621, 628 (1991)); see, e.g. United States v. Orman, 486 F.3d 1170, 1175–76 (9th Cir. 2007) (holding that an officer's brief, polite questioning in a public setting was not a seizure even though another officer was also present).

For the same reasons, Defendant's conversation with Mann was not a custodial interrogation implicating the Fifth Amendment. See United States v. Bassignani, 575 F.3d 879, 883 (9th Cir. 2009) ("A defendant is in custody if a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave." (internal quotation marks omitted)).

3. The district court did not abuse its discretion by denying Defendant's motion for a mistrial. See United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir. 1989) (stating standard of review). The prosecutor's improper comment during closing argument was an isolated remark. The court sustained defense counsel's objection to the statement and immediately instructed the jury to disregard the prosecutor's argument. The court's instructions cured any possible prejudice to Defendant. See id. ("A trial judge may cure the effect of improper comments . . . by giving appropriate curative instructions to the jury." (internal quotation marks omitted)).

4. Finally, the district court did not plainly err by allowing Mann to identify Defendant in the surveillance video images. See United States v. Mendoza-Paz, 286 F.3d 1104, 1113 (9th Cir. 2002) (stating standard of review). Mann knew Defendant as a member of the community and saw him on the night of the incident

4

that the images depicted. Thus, even if it was error to admit the lay opinion testimony, it was not <u>plain</u> error. <u>See</u> <u>United States v. Henderson</u>, 241 F.3d 638, 651 (9th Cir. 2000) (ruling officer's lay opinion identification admissible where officer had seen the defendant in attire similar to that worn by the robber in the surveillance photos).

**AFFIRMED.**