52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Washington GREENE, III, Defendant-Appellant.
 No. 94-10312.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1995.*
Decided April 17, 1995.
 
 Before: GIBSON,** HUG, FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 George Washington Greene, III appeals from his conviction following a jury trial on charges of, inter alia, mail fraud, wire fraud, and interstate transportation of stolen property in violation of 18 U.S.C. Secs. 1341, 1343, and 2314, respectively. He contends that the district court erred by denying his motion to sever two counts from the balance of the indictment. We reject this contention and affirm.
 
 
 3
 Separate offenses may be joined if they "are of the same or similar character." Fed.R.Crim.P. 8(a). The validity of joining offenses is determined solely by the allegations in the indictment. United States v. Lane, 474 U.S. 438, 447 (1986). All of the offenses were properly joined, because all were based on schemes whereby Greene committed mail and wire fraud by making false representations to various individuals about the manner in which he would use the money or property they gave him. See United States v. Kaplan, 895 F.2d 618, 621 (9th Cir.1990) (offenses charged were "of a similar character in that they all revolve[d] around allegations that appellant was acting in a criminal manner outside the usual course of his medical practice"). The charged offenses consisted of the same or similar elements and were charged under the same statutes as the other counts in the indictment. United States v. Bronco, 597 F.2d 1300, 1300 (9th Cir.1979) ("[a]ll three offenses [we]re counterfeiting offenses and therefore similar," even though they "resulted from two independent sets of events").
 
 
 4
 In addition pursuant to Federal Rule of Evidence 404(b), joinder of separate offenses is permissible if "evidence of these 'other acts' would be admissible to show motive, intent, or common scheme." Kaplan, 895 F.2d at 621. See also United States v. Johnson, 820 F.2d 1065, 1071 (9th Cir.1987) (evidence of other offenses would have been admissible to prove identity). Greene's motive and intent in committing the various acts described in the indictment were important issues at trial. Thus, the offenses were properly joined because they showed motive and intent.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Floyd R. Gibson, United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3