UNITED STATES of America,
Plaintiff—Appellee,

v.

Antonio ARCE–SERRANO,
aka Antonio Serrano Arce,
Defendant—Appellant.

No. 00–50537.

D.C. No. CR–00–00158–DT–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2001.

Decided Oct. 16, 2001.

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Antonio Arce–Serrano appeals his conviction for various firearm offenses, including making false statements when purchasing a firearm, being an illegal alien in possession of a firearm, and being a person convicted of a misdemeanor crime of domestic violence while in possession of a firearm. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

## I

Arce–Serrano argues that the district court erred in denying his motion to sever the false statement counts from the possession counts.

Where joinder is proper under Fed.R.Crim.P. 8, a defendant may still be entitled to severance under Fed.R.Crim.P. 14.

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Fed.R.Crim.P. 14. Counts that are properly joined will only be severed if the " 'joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." ' *United States v. Whitworth,* 856 F.2d 1268, 1277 (9th Cir.1988) (quoting *United States v. Armstrong,* 621 F.2d 951, 954 (9th Cir. 1980)).

> Joinder of offenses may prejudice a defendant in that "(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find."

*United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir.1987) (quoting *Drew v. United States,* 331 F.2d 85, 88 (D.C.Cir.1964)).

of this circuit except as provided by 9th Cir. R. 36–3.

A defendant must meet a heavy burden to show such an abuse, and the trial judge's decision will seldom be disturbed. *See Zafiro v. United States,* 506 U.S. 534, 538–39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Ponce,* 51 F.3d 820, 831 (9th Cir.1995).

Arce–Serrano contends that he was prevented from asserting his Fifth Amendment right to remain silent with respect to the possession counts because he had to testify regarding the false statement counts in order to present his good faith defense on the element of knowledge. He argues that by admitting he applied for and purchased the firearms, his testimony may imply that he "owned" and thus possessed them. However, the need to refrain from testifying as to the illegal possession charges was slight, given the strength of the evidence of possession. Virgilio testified that it was store policy to hand the firearm directly to the person who filled out Form 4473, and that the form was only initialed once it had been transferred to the purchaser. The forms, showing Arce–Serrano as the purchaser, were in evidence. While Arce–Serrano is correct that prejudice may develop when a defendant wants to testify on one but not the other of joined offenses that are distinct in time, place and evidence, *see United States v. Bronco,* 597 F.2d 1300 (9th Cir.1979) (severance justified because overlap of evidence at separate trials would not be significant), here the same seventeen acts were the basis for both the false statement and possession charges; the evidence as to each was essentially the same.

■ Arce–Serrano also maintains that he was confounded in presenting separate defenses to the false statement and possession counts because it was inconsistent for him to admit that he filled out the Form 4473s, yet argue that he never legally possessed the firearms. We disagree. Arce–Serrano's testimony was entirely consis-tent if believed: he stated that he was told how to fill out the form and that the firearms were paid for by, and transferred immediately to, friends. Undoubtedly his position was weakened because he was unable to produce these friends, but prejudice does not stem from this fact alone.

■ Finally, Arce–Serrano contends that he was prejudiced because evidence that he had been convicted of a misdemeanor domestic violence offense, which was an element of some of the possession counts, was inadmissible in a separate trial on the false statement counts. He posits that there was a real danger that the jury inferred present guilt from the prior conviction. However, the district court gave a limiting instruction when the prior conviction was introduced and when the jury was instructed. This cured whatever prejudice might otherwise have followed. In addition, evidence that Arce–Serrano made the false statements on the Form 4473s was overwhelming, negating any prejudice that may have been caused by evidence of his prior conviction. *See United States v. Nguyen,* 88 F.3d 812, 817 (9th Cir.1996); *cf. United States v. Lewis,* 787 F.2d 1318, 1322–23 (9th Cir.1986) (severance required where evidence on one of the joined charges was "sparse").

II

■ Arce–Serrano asks for a remand so that the district court can determine what evidence the government failed to disclose prior to trial and whether it was discoverable under Fed.R.Crim.P. 16 or *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, a remand is not necessary because the district court has already reviewed the withheld documents and found that they were not material for purposes of either obligation. In this we believe the court acted within its discretion. Arce–Serrano had access to Boulevard's compliance file which showed

that its operation was not wholly circumspect. As the district court noted, the withheld documents related to an inconclusive criminal investigation that had to do with a Boulevard employee with whom Arce–Serrano did not deal and that pertained to possible straw purchases. Even had this been known, it would have had no substantial tendency to prove that the statements Arce–Serrano made on the Form 4473s were not false or that he did not possess the firearms. In sum, we cannot say that "'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles v. Whitley,* 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

AFFIRMED.