Calvin Clinton WARD, Petitioner— Appellant,

v.

Dora B. SCHRIRO,* Director; et al., Respondents—Appellees.

No. 03–17091.

United States Court of Appeals, Ninth Circuit.

Submitted May 23, 2005.**

Decided Sept. 1, 2005.

* Dora B. Schriro is substituted for her predecessor, Terry L. Stewart, as Director of the Arizona Department of Corrections. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Calvin Clinton Ward, Florence, AZ, for Petitioner–Appellant.

Jim D. Nielsen, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM ***

Petitioner Calvin C. Ward ("Ward") appeals the District Court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction and sentence (in one case) for three counts of child molestation, one count of sexual conduct with a minor, and one count of public sexual indecency, and (in a second case) one count of child molestation. Specifically, Ward contends that he was denied a fundamentally fair trial by the court's refusal to sever the two cases for trial.

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of habeas corpus. *Singh v. Ashcroft,* 351 F.3d 435, 438 (9th Cir.2003) (citation omitted). Because Ward filed the petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 et. seq., that statute's provisions apply. *Rios v. Rocha,* 299 F.3d 796, 799 n. 4 (9th Cir.2002). Thus, habeas relief is available only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d). For the reasons discussed below, we affirm the District Court.

The Supreme Court has held that "[i]mproper joinder does not, in itself, violate the Constitution. Rather misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *United States v. Lane,* 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). "A denial of a motion to sever is reversible error only when a defendant demonstrated in the trial court that a joint trial would be 'manifestly prejudicial.'" *United States v. Bronco,* 597 F.2d 1300, 1302 (9th Cir.1979) (quotation omitted). To establish manifest prejudice, the petitioner "must show that he has [1] important testimony to give on

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

some counts and [2] a strong need to refrain from testifying on those he wants severed." *United States v. Nolan,* 700 F.2d 479, 483 (9th Cir.1983).

Ward wanted to testify on the charges in the first case but not on the one molestation charge in the second case. He contends that joinder of these counts prejudiced him by forcing him to choose between testifying on all or none of the counts. Both Ward's proffered testimony and his reasons for not testifying fail to satisfy either element of the two-part *Nolan* test for misjoinder. First, Ward's testimony is not "important" because it serves no other purpose than to deny his victims' testimony and challenge their credibility. Second, Ward failed to demonstrate "a strong need to refrain from testifying on [the charge] he wants severed." *Id.* Ward sought to avoid cross-examination on the molestation charge in the second case because that would have opened the door to significantly prejudicial evidence, such as some of his own confessions and previous incidents of molestation. But protecting the defendant's right to testify selectively does not constitute a strong reason to refrain from testifying. *Id.* "In effect, [Ward] asks this court to allow him to choose his strategic weapons without regard to the needs of the judicial system. [Ward's] desire to preserve his options does not meet the ... standard of a strong need to refrain from testifying." *Id.* (quotation omitted). Thus, we conclude that the Arizona Court of Appeals' decision affirming the trial court's denial of Ward's severance motion is not contrary to or an unreasonable application of clearly established federal law.

AFFIRMED.