Gregory Kevin TOLBERT,
Petitioner—Appellant,

v.

Cheryl PLILER, Respondent—Appellee.

No. 05–16108.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 17, 2006.

Decided April 11, 2006.

Livia Morales, FPDCA–Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

John A. O'Sullivan, Esq., AGCA–Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: NOONAN and HAWKINS, Circuit Judges, and REED,* District Judge.

## MEMORANDUM **

Petitioner–Appellant Gregory Tolbert ("Tolbert") was convicted in California state court of two counts of first degree burglary and one count of forcible escape, and was sentenced under California's three-strikes law to seventy-seven years to life in prison. After exhausting his state-court remedies, Tolbert sought a writ of habeas corpus in federal court, alleging various constitutional errors. The district court denied the writ, and Tolbert now appeals.

We review the district court's decision de novo, *see Williams v. Runnels*, 432 F.3d 1102, 1105 (9th Cir.2006), and the state court's decision under the deferential standard of the the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *see Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir.2003). Under AEDPA, federal habeas relief is unavailable for a claim adjudicated in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ Tolbert first asserts that his trial attorney provided him with ineffective assistance of counsel by requesting multiple continuances and by failing to sever the escape charge from the burglary charges.[1] To succeed on this claim, Tolbert must demonstrate (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) a reasonable probability "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We conclude that Tolbert has failed to demonstrate prejudice under the second prong of the *Strickland* test. The evidence presented against him at trial was very strong: police found Tolbert's fingerprints at both burglary scenes and eyewitnesses observed Tolbert during the commission of all three offenses. Tolbert cannot show that his counsel's alleged errors affected the outcome of his trial, and hence, the state court's denial of his ineffective-assistance claim was objectively reasonable.

■ Second, Tolbert claims that his right to a speedy trial was violated because

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the state court did not supply any reasoning with respect to its denial of Tolbert's ineffective-assistance claim, we independently review the record on this issue to determine whether the state court clearly erred in its application of controlling federal law and whether its decision was "objectively reasonable." *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000).

of the continuances obtained by his trial counsel. In evaluating this claim, we consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Here, Tolbert's counsel sought continuances for a valid reason: to pursue what he considered to be Tolbert's only viable defense. In addition, the record indicates that the trial began shortly after Tolbert first effectively asserted his right to a speedy trial. Finally, the evidence against Tolbert was strong, and there is nothing to suggest that Tolbert was prejudiced by the continuances. We therefore conclude that the state court's rejection of Tolbert's speedy-trial claim was not an unreasonable application of the relevant federal law.

Finally, Tolbert contends that the trial court improperly admitted various evidence against him, resulting in a violation of his right to due process. To obtain relief on this claim, Tolbert must demonstrate that the improperly-admitted evidence "is so unduly prejudicial that it renders the trial fundamentally unfair." *Payne v. Tennessee,* 501 U.S. 808, 825, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). We find that Tolbert has failed to make this showing. Our review of the record indicates that there was a substantial amount of properly admitted evidence—including fingerprint evidence and eyewitness testimony—that established Tolbert's guilt. Thus, none of the three challenged evidentiary rulings undermined the fundamental fairness of Tolbert's trial, and habeas relief on due process grounds is unavailable.

The decision of the district court is AFFIRMED.

REED, District Judge, concurring.

I agree that Petitioner has failed to prove that the challenged actions of his counsel and the trial court caused prejudice as required under clearly established Federal law. However, I write separately to address Petitioner's claim that his counsel was ineffective in not opposing the joinder of his burglary and escape counts.

In order to prove his counsel was constitutionally ineffective, Petitioner must demonstrate (1) that his counsel's performance failed to meet an " 'objective standard of reasonableness,' 'under prevailing professional norms,' " *Rompilla v. Beard,* 545 U.S. 374, ——, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005) (citations omitted); and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, we have "acknowledged that there is 'a high risk of undue prejudice ... whenever joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible.' " *Bean v. Calderon,* 163 F.3d 1073, 1084 (9th Cir.1998) (quoting *United States v. Lewis,* 787 F.2d 1318, 1322 (9th Cir.1986)). Thus, an attorney would be unreasonable to not oppose joinder in a case, such as this, where evidence from events separate in time and space would not otherwise be cross-admissible, and the risk of prejudice to his client is substantial.

Second, counsel would have likely succeeded in opposing joinder of the Knoll burglary with the escape count, as Petitioner had not yet been charged with the Knoll burglary at the time of the escape. While the provision of California law allowing for joinder of "two or more different offenses of the same class of crimes or offenses" appears to provide a basis for the joinder of the two burglaries, Cal.Pe-

nal Code § 954, and the provision allowing for joinder of "two or more different offenses connected together in their commission" could arguably allow for joinder of the Blawat burglary and the escape which occurred shortly after a proceeding related to that burglary, *id.; see also People v. Valdez*, 32 Cal.4th 73, 8 Cal.Rptr.3d 271, 82 P.3d 296, 331 (2004); there was no legal basis to find the Knoll burglary and the escape connected together in their commission, and thus it was unreasonable for counsel to fail to object to the joinder of those counts.

Although counsel's performance was objectively unreasonable, I agree that the evidence presented against Tolbert was so substantial that our confidence in the outcome is not sufficiently undermined to warrant reversal. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. I, therefore, concur in the judgment.