CALLAHAN, J.,
dissenting.
In finding the evidence constitutionally inadequate to sustain Joshua Gonzales’s convictions for attempted murder and shooting from a motor vehicle, the majority improperly substitutes its view of the evidence for that of the California Court of Appeal. In doing so, the majority commits the exact error for which the Supreme Court has repeatedly chastised us. See Davis v. Ayala, — U.S. ——, 135 S.Ct. 2187, 2202, 192 L.Ed.2d 323 (2015) (reminding us that “[t]he role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and to substitute its own opinions....”) (citation and quotation omitted). I therefore respectfully dissent.
In refusing to defer to the Court of Appeal, the majority pays only lip service to the “double dose of deference” required under the AEDPA standard of review. Under AEDPA, a sufficiency of the evidence claim “facets] a high bar in federal habeas proceedings because [it is] subject to two layers of judicial deference.” Coleman v. Johnson, 566 U.S. 650, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012) (per curiam).' “First, on direct appeal, ‘it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury’s verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.’” Id. (quoting Cavazos v. Smith, 565 U.S. 1, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam)). This inquiry requires “viewing the evidence in the light most favorable to the prosecution....” Jackson v. Virginia, 443 U.S, 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). “And second, on habeas review, ‘a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.’ ” Coleman, 132 S.Ct. at 2062 (quoting Cavazos, 565 U.S. at 4, 132 S.Ct. 2).
The evidence of Gonzales’s guilt is more than sufficient to support the jury’s conclusion that Gonzales was guilty of attempted murder and shooting from a vehicle. The jury heard evidence that:
• Gonzales and two other individuals were in a car in the area at the time of the shooting.
• Gonzales was seated in the backseat of the car in which he was a passenger.
• Gonzales told the police that he saw some men on the street “talking shit” and “mad[-dogging] some other fool” when a car backed up toward them.
• Gonzales exchanged some words with the men on the street, who began to approach the car he was in.
• Gonzales claimed that he heard shooting as the car he occupied drove away, but denied that any shots were fired from his car.
*553 • One person shot from the back seat of the car in question, and a front passenger got out of the car and fired a handgun from over the hood.
• Two different caliber shell casings were found at the scene.
• Prior to the shooting, a person in the vehicle asked the victims for their gang affiliation.
• On the night in question, Gonzales as wearing a baseball cap featuring the Pirates “P” logo in support of the Play-boyz gang.
• A person in the backseat of the car from which shots were fired was wearing a baseball cap.
• At the party, there was a dispute that may have been gang-related, and Gonzales was “mingled” in with its participants.
• Gonzales tested positive for gunshot residue during his interview with police the next day.
• In his interview with the police, Gonzales continually denied participation in the shooting, while at the same time expressing his fear of retaliation.
There may be alternative explanations for what happened the night of the shootings and for the presence of gunshot residue on Gonzales’s hands. But, faced with these facts, it can hardly be said that “no rational trial of fact could have found proof of guilt beyond a reasonable doubt.” Briceno v. Scribner, 555 F.3d 1069, 1078 (9th Cir. 2009) (quoting Jackson, 443 U.S. at 324, 99 S.Ct. 2781), Indeed, the California Court of Appeal stated:
[I]t is undisputed that someone committed a crime by firing a gun from a car at the three wounded victims. The witnesses testified that the rear passenger in a moving car shot at them. Furthermore, although the victims could not identify defendant as the shooter, another witness, Yesenia, identified defendant as the person who introduced himself to her as “Knuckles” at the Colton party and who was dressed like a Playboyz gang member and associating with other gang members. In conjunction with Yesenia’s testimony are defendant’s admissions to the police that he attended the party, dressed as she described him, and that he was in a car, passing by a group of men on the street at the time of the shooting. The foregoing evidence, combined with defendant’s positive gunshot residue test, is sufficient to establish the corpus delicti of defendant’s four crimes and defendant’s identity as the shooter. Similarly, substantial evidence supports the jury’s finding that defendant was an occupant of the car from which the shots were fired. Sufficient evidence supports defendant’s three convictions for attempted murder and one conviction for shooting from a motor vehicle.
This determination is not “objectively unreasonable.”[1] Boyer v. Belleque, 659 F.3d 957, 965 (9th Cir. 2011). Rather than come to grips with what the prosecution’s evidence against Gonzales ivas and the Court of Appeal’s reasons for finding it constitutionally sufficient, the majority, engaging in a de novo review, finds fault in what the evidence against Gonzales was not See Mem Dispo at 5-7.' For example, the majority looks to the testimony of the gunshot residue expert to dismiss the significance of the presence of two particles of *554 gunshot residue on Gonzales’s hands. This view of the evidence directly conflicts with the repeated direction that our task is not to determine “whether the evidence excludes every hypothesis except that of guilt...,” United States v. Nevils, 598 F.3d 1158, 1165 (9th Cir. 2010). Viewed in the light most favorable to the prosecution, the presence of gunshot residue on Gonzales’s hands the morning following the shooting is strong evidence of his guilt.
The majority further errs in faulting the evidence supporting Gonzales’s conviction as resting on a “speculative and weak chain of inferences.” See Mem Dispo at 7-8. This conclusion requires turning a blind eye to the direct evidence of Gonzales’s guilt, which includes not only Gonzales’s own admission to the police that he was at the scene of the shooting, but also eyewitness testimony about the shooting and the shooter’s appearance.[2] The majority further ignores that, even if the evidence was only circumstantial, such evidence and the “inferences drawn from it may be sufficient to sustain a conviction.” Ngo v. Giurbino, 651 F.3d 1112, 1114 (9th Cir. 2011) (quoting Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995)). It is therefore the majority’s decision, and not Gonzales’s conviction, that is grounded in “mere suspicion or speculation.” United States v. Lewis, 787 F.2d 1318, 1323 (9th Cir. 1986). This is exactly what AEDPA prohibits.
Applying the AEDPA standard of review, as directed by the Supreme Court, I would find that the Court of Appeal’s determination that a rational trier of fact could agree with the jury was objectively, and eminently, reasonable. See Coleman, 132 S.Ct. at 2062. This conclusion is inescapable when the evidence presented at trial is viewed—as it must be—in the light most favorable to the prosecution. Jackson, 443 U.S. at 319, 99 S.Ct. 2781. Both a magistrate judge and a district judge, applying the correct AEDPA standard of review, so found. In reversing the district court’s decision, the majority allows Gonzales—a defendant found guilty of attempted murder beyond a reasonable doubt—to walk free.
I respectfully dissent from the majority’s decision to reverse the district court and grant Gonzales’s petition for a writ of habeas corpus.

. To the contrary, not only did twelve jurors find Gonzales guilty beyond a reasonable doubt based on these facts, five judges—three Justices of the California Court of Appeal, the Magistrate Judge, and the District Judge— have all agreed that this evidence was sufficient to permit a "rational trial of fact [to find] proof of guilt beyond a reasonable doubt,” Briceno, 555 F,3d at 1078.

. The majority’s discussion of the inferences that may be drawn when the evidence of guilt is only circumstantial is therefore inapposite. See Mem Dispo at 8 (citing United States v. Bautista-Avila, 6 F.3d 1360, 1363 (9th Cir. 1993); United States v. Lewis, 787 F.2d 1318, 1323 (9th Cir. 1986)).